UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-cv-23912-ALTMAN/Reid

**HUGO PEÑA**,

    *Plaintiff*,

v.

**JAIME RAICH**,

    *Defendant*.

_____/

## ORDER DENYING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Our Plaintiff, Hugo Peña, has filed a Motion for Leave to Proceed *in Forma Pauperis* [ECF No. 8] in his lawsuit against former Assistant U.S. Attorney Jaime Raich. But, because his Complaint [ECF No. 6-1] fails to state a claim on which relief may be granted, we now **DENY** the Motion for Leave to Proceed *in Forma Pauperis* and **DISMISS** the Complaint **with prejudice** under 28 U.S.C. § 1915(e)(2)(B)(ii). We dismiss the Complaint *with prejudice* because there's no way that Peña can circumvent Raich's absolute immunity.

### THE LAW

A court may authorize a party to proceed *in forma pauperis* in any suit so long as that party complies with the prescriptions of 28 U.S.C. § 1915. But the court must screen such cases and must dismiss a complaint if it concludes that "the action or appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Mitchell v. Farcass*, 112 F.3d 1483, 1486 (11th Cir. 1997) (explaining the grounds for dismissal under § 1915).

To state a claim upon which relief may be granted, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level"—with "enough facts to state a claim to

relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Under this standard, legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (cleaned up).

Although "*pro se* pleadings are held to a more lenient standard than pleadings filed by lawyers," *Abram-Adams v. Citigroup, Inc.*, 491 F. App'x 972, 974 (11th Cir. 2012), that "'leniency does not give a court license to serve as *de facto* counsel for a party' or 'rewrite an otherwise deficient pleading in order to sustain an action,'" *Curtiss v. Comm'r of Soc. Sec.*, 856 F. App'x 276, 276 (11th Cir. 2021) (quoting *GJR Inv., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1989)). *Pro se* litigants "cannot simply point to some perceived or actual wrongdoing and then have the court fill in the facts to support their claim . . . . [J]udges cannot and must not 'fill in the blanks' for *pro se* litigants; they may only cut some 'linguistic slack' in what is actually pled." *Hanninen v. Fedoravitch*, 2009 WL 10668707, at *3 (S.D. Fla. Feb. 26, 2009) (Altonaga, J.) (cleaned up).

**ANALYSIS**

Peña, acting *pro se*, claims that Raich acted dishonestly and in violation of the law when he led a 2010 federal prosecution against Peña for violations of the Act to Prevent Pollution from Ships ("APPS"), 33 U.S.C. §§ 1901–15. *See* Complaint at 1 ("[Peña], appear[ing] Pro Se, brings this complaint against [Raich] for Obstruction of Justice, deceiving the subject Judge and the Jury when acting as Assistant United States Attorney [in] case [10-cr-60158].").[1] According to the Plaintiff, Raich framed Peña—a licensed marine surveyor for the Panama Maritime Authority[2]—to make it appear as though

---

[1] While it appears that English isn't Peña's first language, we understand his allegations.
[2] At all relevant times, Peña has been a U.S. citizen living and working in Florida. *See* Complaint ¶ 5 (noting that Peña is a naturalized American citizen); *id.* ¶ 11 (alleging that the events that triggered the 2010 criminal prosecution occurred in Broward County, Florida).

2

he had participated in an illegal scheme to manipulate Motor Vessel Island Express I's oily water separator, so that it would pump oil overboard rather than into storage tanks. *See id.* ¶ 12 ("Raich[,] knowing[ ] that Peña did not commit any offense in the prosecutor's jurisdiction[,] by bribery[ ] protect[ed] the criminal [vessel owner, crew, and port engineer].") Raich's actions, Peña continues, constitute violations of several criminal statutes *and* Peña's rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution. *See id.* ¶ 1. As relief, Peña asks that we "remedy [his] conviction." *Id.* ¶ 24.

There are several procedural issues with the Complaint. *First*, it doesn't include "a short and plain statement of the claim showing that the pleader is entitled to relief," as required by FED. R. CIV. P. 8(a)(2). *Second*, it asserts several different causes of action—without separating them into different counts.[3] *See Embree v. Wyndham Worldwide Corp.*, 779 F. App'x 658, 662 (11th Cir. 2019) (noting that a complaint is a "shotgun pleading" if, among other things, it "fails to separate into a different count each cause of action"). *Third*, Peña has tried to bring a *civil* action under several federal *criminal* statutes. *See* Complaint ¶ 1. Specifically, he's tried to advance claims under 18 U.S.C. § 1512 ("Tampering with a witness, victim, or an informant"); 18 U.S.C. § 1513 ("Retaliating against a witness, victim, or an informant"); 18 U.S.C § 1519 ("Destruction, alteration, or falsification of records in Federal investigations and bankruptcy"); 18 U.S.C. § 242 ("Deprivation of rights under color of law"). Because none of these criminal statutes provides a private cause of action,[4] he may not assert them in this civil

---

[3] Peña says: "This is an action for damages pursuant to 18 U.S.C. Cha[p]ter 73[,] Obstruction of Justice, Cause of Action for witness tampering (18 U.S.C. § 1512), witness retaliation (18 U.S.C. § 1513), Destruction, alteration, or falsification of records in a federal investigation[ ] (18 U.S.C. § 1519), Deprivation of Rights Under Color of Law (18 U.S.C. § 242) and the continuing violations of Plaintiff['s] rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments[.]" *Id.* ¶ 1 (errors in original). But he makes no attempt to separate each of these causes of action into different counts.

[4] *See Roberts v. Choate Constr. Co.*, 2011 WL 5006469, at *2 (M.D. Fla. Oct. 20, 2011) (Corrigan, J.) ("[Section] 1512 does not provide any language that creates a private right of action."); *Brett v. Baker*, 2016 WL 2731626, at *2 (M.D. Fla. Apr. 22, 2016) (Smith, Mag. J.) (same, but for § 1513); *Smith v. JP Morgan Chase Bank*, 2020 WL 9598942, at *1 (N.D. Ga. May 13, 2020) (Larkins III, Mag. J.) (same, but

case. *See Smith v. JP Morgan Chase Bank*, 2020 WL 9598942, at *2 (N.D. Ga. May 13, 2020) (Larkins III, Mag. J.) (holding that, because a "cause of action" was "premised upon violations of federal criminal statutes" that didn't create private causes of action, it "fail[ed] to state a claim for relief"); *see also Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *Diamond v. Charles*, 476 U.S. 54, 65 (1986) ("The power to create and enforce a legal code, both civil and criminal, is one of the quintessential functions of a State." (cleaned up)).

  Theoretically, Peña *could* redress each of these errors in an amended complaint. And the Eleventh Circuit has said that, generally speaking, "a party must be given at least one opportunity to amend before [dismissing] the complaint." *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005). But we needn't grant leave to amend where any such amendment would be futile. *See L.S. ex rel. Hernandez v. Peterson*, 982 F.3d 1323, 1332 (11th Cir. 2020) ("Although a district court 'should freely give leave [to amend] when justice so requires,' it may deny leave, *sua sponte* or on motion, if amendment would be futile. Leave to amend would be futile if an amended complaint would still fail at the motion-to-dismiss or summary judgment stage." (quoting FED. R. CIV. P. 15(a)(2) (internal citations omitted))). This rule also applies to *pro se* litigants. *See Jemison v. Mitchell*, 380 F. App'x 904, 907 (11th Cir. 2010) ("When it appears that a *pro se* plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the *pro se* plaintiff an opportunity to amend his complaint instead of dismissing it with prejudice. Dismissal with prejudice is proper, however, . . . if a more carefully drafted complaint could not state a valid claim." (internal citations omitted)). And this is one of those cases in which any emendation would be futile.

---

for § 1519); *Mosley v. Awerbach*, 2006 WL 2375050, at *6 (M.D. Fla. Aug. 15, 2006) (Whittemore, J.) (same, but for § 242).

Peña, after all, is suing Raich for actions the latter took as a federal prosecutor. "[O]ur circuit has emphasized," however, "that[ ] 'a prosecutor enjoys absolute immunity from allegations stemming from the prosecutor's function as advocate." *Hart v. Hodges*, 587 F.3d 1288, 1295 (11th Cir. 2009) (quoting *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999)). This absolute immunity applies to a wide range of conduct, such as a "prosecutor's actions 'in initiating a prosecution and in presenting the government's case,' . . . prosecutorial conduct before grand juries, statements made during trial, examination of witnesses, and presentation of evidence in support of a search warrant during a probable cause hearing." *Rehberg v. Paulk*, 611 F.3d 828, 837–38 (11th Cir. 2010) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)). A prosecutor only relinquishes his absolute immunity when he's sued for conduct "not associated with his role as an advocate for the [government.]" *Hart*, 587 F.3d at 1296. Indeed, even a prosecutor who has "fil[ed] an information without investigation, fil[ed] a baseless detainer, offer[ed] perjured testimony, suppress[ed] exculpatory evidence, . . . and threaten[ed] further criminal prosecutions" enjoys absolute immunity. *Ibid.* (quoting *Henzel v. Gerstein*, 608 F.2d 654, 657 (5th Cir. 1979)).[5]

The gravamen of Peña's complaint is that Raich fabricated or manipulated evidence—and that he lied to the judge and jury—during his prosecution of Peña's case. *See* Complaint at 1 ("Lawsuit against Raich for Abuse of power, willfully did alters, destroys, mutilates, or conceals a record, document, or other objects/victim, or availability for use in an official proceeding; protecting the criminal (Vessel Corporation), betraying the APPS (MARPOL), with FALSE TESTIMONY, INTIMIDATING WITNESS, deceiving the USCG, betraying the law in continued violation of Constitutional Federal Law and damaged the integrity of the Plaintiff[.]" (errors in original)). How

---

[5] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

exactly Raich did all this is irrelevant since it's clear that Peña is only challenging Raich's actions in bringing and maintaining a prosecution against him. *See Hart*, 587 F.3d at 1295 (noting that a prosecutor's "absolute immunity 'extends to a prosecutor's acts undertaken in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the [government]'" (quoting *Jones*, 174 F.3d at 1281)). Nor does the fact the Raich is no longer a prosecutor save Peña's claims: What matters is that Raich was a prosecutor when he was prosecuting Peña. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 349 (2009) (finding that two *former* prosecutors enjoyed absolute immunity from claims stemming from actions they took *when they were prosecutors*). Because Raich is immune from suit for his role as Peña's prosecutor, the Complaint cannot be amended to state a viable claim upon which relief can be granted and must be dismissed with prejudice. *See Myrick v. Sterling*, 2008 WL 595944, at *5 (N.D. Fla. Feb. 28, 2008) (Rodgers, J.) (dismissing *with prejudice*—after an *initial* 28 U.S.C. § 1915(e)(2)(B) screening—claims brought against a prosecutor who enjoyed absolute immunity).[6]

\*\*\*

After careful review, the Court hereby **ORDERS and ADJUDGES** as follows:

1. The Motion for Leave to Proceed *in forma pauperis* [ECF No. 8] is **DENIED**.
2. The Complaint [ECF No. 6-1] is **DISMISSED with prejudice**.
3. The Clerk of Court is directed to **CLOSE** this case.
4. All pending deadlines and hearings are **TERMINATED**, and any pending motions are **DENIED AS MOOT**.

---

[6] The Defendant has not yet been served, *see generally* Docket, but his "failure to plead the affirmative defense of judicial immunity" does *not* "preclude[ ] dismissal" because "dismissal is available, as in this case, when the defense is an obvious bar given the allegations." *Sibley v. Lando*, 437 F.3d 1067, 1070 n.2 (11th Cir. 2005).

Case 1:23-cv-23912-RKA   Document 13   Entered on FLSD Docket 11/01/2023   Page 7 of 7

**DONE AND ORDERED** in the Southern District of Florida on October 31, 2023.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:  Hugo Peña, *pro se*